UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Thomas A. Regner,

Plaintiff,

vs.

Northwest Airlines Inc.,
a Minnesota Corporation,

Defendant.

Civ. No: 00-CV-2208
MEMORANDUM OPINION
AND ORDER

---

Susan M. Coler, Messerli & Kramer P.A., on behalf of Thomas Regner.

Timothy R. Thornton, and Susan E. Ryan, Briggs and Morgan, on behalf of Northwest Airlines Inc.

---

This matter is before the court on Plaintiff, Thomas Regner's motion to remand and defendant Northwest Airlines' motion to dismiss.

BACKGROUND

Plaintiff was employed as a mechanic at Northwest Airlines Inc. (NWA) from 1989 until his termination on May 5 1998. Plaintiff filed a grievance with his union challenging the "just cause" for his termination under Article 13 of the Collective Bargaining Agreement (CBA). This grievance is currently being arbitrated before the System Board of Adjustment.

In addition, Plaintiff commenced this lawsuit in Hennepin County District Court on November 13, 1998. The lawsuit contains two counts: Count One alleges that NWA violated the Minnesota Whistleblower Protection Act, Minn. Stat. § 181.932 by

FEB 13 2001
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

terminating Plaintiff for reporting safety violations to the FAA, and: Count Two alleges that NWA defamed him by creating and publishing false reasons for his termination. On Nov. 13 1998, Plaintiff served NWA with a Summons and Complaint and also a Request for Production of Documents and Statements. In its Answer, NWA denied both counts and also raised an affirmative defense of federal preemption under the Railway Labor Act (RLA).

On February 17, 1999, the state court granted NWA's motion to stay the state court action pending the arbitration. This stay was lifted on May 23, 2000. On September 6, 2000, Plaintiff sent a letter to NWA regarding discovery issues. On September 27, 2000, NWA removed this case to federal court.

## ARGUMENT

Plaintiff moves the Court to remand this action back to state court on the basis that removal was untimely and because his Complaint does not asserts claims that arise under federal law. The federal removal statute provides that any action of which the district courts have original jurisdiction under the laws of the United States shall be removable without regard to citizenship of the parties. 28 U.S.C. § 1441(b). Whether federal question jurisdiction exists is governed by the "well-pleaded complaint rule", that is federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). An independent corollary to the well-pleaded complaint rule is the "complete preemption" doctrine. *Id.* This doctrine applies where the preemptive force of a federal statute converts an ordinary state law claim into one state a federal claim.

*Id.*

To properly remove a civil action, a notice of removal must be filed within thirty days after receipt of service of the initial pleadings. 28 U.S.C. § 1446(b). Receipt of some "other paper" may also start the thirty day clock running if it may first be ascertained from this paper that the case is, or has become, removable. Id. The time limit is mandatory and a timely motion to remand for failure to observe the 30 day limit must be granted. *See, McHugh v. Physicians Health Plan of Greater St. Louis, Inc.*, 953 F.Supp. 296, 299 (E.D. Mo. 1997). The federal removal statute must be construed narrowly and in favor of state court jurisdiction. *Shamrock Oil & Gas Corp.*, 313 U.S. 100 (1941).

In this case, NWA asserts that although Plaintiff alleged state law claims in his complaint, it now appears that both claims involve the interpretation of the relevant CBA. With regard to the Whistleblower Act claim, NWA asserts that Plaintiff will attempt to prove this claim by showing that other employees were treated differently, relying in part on return to work agreements requested in discovery. Because use of return to work agreements, also referred to as Last Chance Agreements, are governed by the CBA, interpretation of the CBA is necessitated. Also, Plaintiff's defamation claim is based, in part, on his letter of termination. Because the CBA requires that NWA provide letters of termination, again interpretation of the CBA is implicated. As the Railway Labor Act preempts any state law claims that require interpretation of a collective bargaining agreement, the complete preemption doctrine supports removal. *Hawaiian Airlines, Inc. v. Finazzo*, 512 U.S. 246 (1994). NWA argues, however, that it wasn't until

it received Plaintiff's September 6, 2000 letter, that it was put on notice that Plaintiff's claims would require interpretation of the CBA. Thus, as the notice of removal was filed on September 27, 2000, the notice is timely.

Plaintiff argues, and the Court agrees, that if his claims are preempted by the RLA because interpretation of the CBA is necessary, NWA was put on notice of such preemption when he served his Request for Production of Documents and Statements on NWA on November 13, 1998. Request No. 16 requested of NWA "The Question and Answer Statements, letters of termination, and return to work agreements for: David Zobott, John Allen, James Fairchild, Mike McElmury, Guy Mueller and Bob Mike". In addition, Paragraph 36 of the Complaint alleges that other NWA mechanics were had been terminated in the spring of 1998, had been allowed to return to work. When such mechanics asked why Plaintiff's was not allowed back, the President told them words to the effect "because he involved a third party and they wouldn't deal on that." ¶ 36. Thus, the Complaint and the discovery requests together put NWA on notice of a possible disparate treatment argument, based in part on return to work agreements.

Even if the Court were to accept NWA's argument that the September 6, 2000 letter may have shed light on Plaintiff's Whistleblower claim, such argument has no bearing on the defamation claim. Because the Complaint clearly sets forth the fact that the defamation claim is based, in part, on the termination letter, NWA's basis for preemption regarding this claim was thus evident to NWA when it received the complaint in 1998. Complaint, ¶ 42.

NWA argues that its duty to file a timely notice of removal did not arise until it was clearly put on notice of the preemption issue, relying on *In re Willis*, 228 F.3d 896 (8th Cir. 2000). In *Willis*, the Eighth Circuit held that time to file a notice of removal in a diversity action does not arise until the defendant is explicitly put on notice that the amount of damages sought exceeds $75,000. The Court disagrees that *Willis* stands for the arguments asserted by NWA. It was not necessary that Plaintiff include in his complaint the specific theory upon which NWA now argues support a finding of preemption. It was enough that Plaintiff included allegations that other employees were treated differently, Complaint ¶ 36, and that he specifically requested return to work agreements in his discovery request. It was also enough that the Complaint alleges the termination letter contained defamatory statements.

Accordingly, the Court finds that NWA's removal of this case in September 2000 was untimely and the matter shall be remanded to state court.

IT IS HEREBY ORDERED that:

1. Plaintiff's Motion to Remand is GRANTED and this matter is hereby remanded to Hennepin County District Court for the State of Minnesota.
2. Plaintiff's Motion for Attorney's Fees is DENIED.
3. Defendant's Motion to Dismiss is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Date: 2-13-01

Michael J. Davis
United States District Court

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

00-2208MJD

**DATE MAILED TO COUNSEL/PRO SE PARTIES:** February 13, 2001

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information must be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*

Forms/8thcircuitprehearingconf.wpd